

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2008

# Massie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2797

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Massie v. Atty Gen USA" (2008). *2008 Decisions*. Paper 467.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/467

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-269
**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2797
_____

ARINO MASSIE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A79-708-135)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 7, 2008
Before:  MCKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 29, 2008   )
_____

OPINION
_____

PER CURIAM

Petitioner Arino Massie seeks review of a final decision by the Board of

Immigration Appeals ("BIA") denying a motion to reopen his removal proceedings.  For

the reasons that follow, we will deny the petition for review and summarily affirm the BIA's decision.

## I. Background

Petitioner Arino Massie is a native and citizen of Indonesia. He entered the United States in July 2001 on a business visitor's visa, remained illegally after the visa expired, and was served with a notice to appear in April 2003. He conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming persecution in Indonesia because he is an ethnic Chinese Christian. In a July 2006 hearing, the Immigration Judge ("IJ") denied Massie's applications.[1]

Massie then appealed the IJ's decision to the BIA. In support, Massie submitted two 2006 reports concerning country conditions in Indonesia that he had not previously presented to the IJ. Massie argued that the documents showed changed country conditions and a pattern or practice of violence against Christians in Indonesia. For example, Massie cited a passage stating that "[t]he Government [of Indonesia] at times has tolerated the abuse of freedom of religion. . . ." A.R. 023. The BIA treated Massie's new evidence as a motion to remand. In a decision dated January 31, 2008, the BIA affirmed the IJ's denial of Massie's applications. It also denied the motion to remand

---

[1] The IJ held that Massie's asylum application was untimely because he did not file within one year of his arrival and did not present extraordinary circumstances excusing the delay. A.R. 089-90, 95. The IJ denied withholding of removal and protection under the CAT because Massie failed to present sufficient evidence demonstrating he would more likely than not suffer persecution or torture if returned to Indonesia. A.R. 095-97.

because the evidence did not show changed circumstances or a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. Massie did not petition this Court for review of the BIA's decision.

On March 3, 2008, Massie moved the BIA to reopen his case based on a claim that Indonesia was experiencing renewed violence against Christians. In support, Massie proffered a 2006 Department of State International Religious Freedom Report, which stated that "the government [of Indonesia] tolerated the abuse of religious freedom by private groups or failed to punish perpetrators." See A.R. 008. According to Massie's motion, the Report was released in December 2006, after Massie submitted his appeal brief and motion for remand to the BIA. Id.

In a May 23, 2008, decision, the BIA found that Massie's evidence was "similar to or of the same character" as the evidence previously presented to the BIA in support of his motion to remand. The BIA held that this evidence did not warrant reopening and did not demonstrate a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. The BIA therefore denied Massie's motion to reopen.

Massie, through counsel, now petitions this Court for review of the BIA's May 23, 2008, decision denying his motion to reopen. He has also moved for a stay of removal. The Government opposes the stay and has moved for summary action.

## II. Analysis

Only the BIA's decision denying Massie's motion to reopen is properly before the Court at this time. See Stone v. INS, 514 U.S. 386, 405 (1995). We review the BIA's

denial of a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004); Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). The BIA's decision will be upheld unless it was "arbitrary, irrational, or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). We will take summary action to dispose of a case when "no substantial question is presented." 3d Cir. LAR 27.4.

The BIA correctly held that reopening was not warranted because Massie's evidence was "similar to" the evidence previously presented in support of his motion for remand and therefore was not sufficiently new to warrant reopening. See INA § 240(c)(7)(B) [8 U.S.C. § 1229a(c)(7)(B)] (requiring proof of "new facts" for reopening). Indeed, the 2006 International Religious Freedom Report that Massie previously submitted to the BIA in support of his motion for remand includes language nearly identical to that which Massie contends is the "new evidence" supporting his motion to reopen.[2] Moreover, Massie's claim that the evidence in support of his motion to reopen was not previously available to him is dubious. The report in question was issued in December 2006. Yet Massie filed his appeal brief with the BIA on May 11, 2007, and it included as evidence a 2006 State Department Report issued on March 6, 2007. See A.R. 018, 026. Thus, it appears that the information Massie presents was

---

[2] According to the report previously submitted in support of remand, "[t]he Government sometimes tolerated discrimination against and the abuse of religious groups by private actors, and often failed to punish perpetrators." A.R. 055. This is nearly identical to the "new developments" Massie cites in his motion to reopen: "the government tolerated the abuse of religious freedom by private groups or failed to punish perpetrators." A.R. 008.

available to him when he last appeared before the BIA. Thus, the BIA did not abuse its discretion in concluding that this does not warrant reopening. See 8 C.F.R. § 1003.2(c)(3)(ii).

## III. Conclusion

Because this appeal does not raise a substantial question, we will grant the Government's motion for summary action and deny the petition for review. See Third Circuit LAR 27.4 and I.O.P. 10.6. We will deny Massie's motion for stay of removal.